IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. CORREA, | |
|     Plaintiff, | No. CIV S-10-0531 DAD P |
|   vs. | |
| MIKE McDONALD, et al., | ORDER AND |
|     Defendants. | FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff identifies the following defendants: Warden McDonald, Property Officer Carter, and Access Securepak. (Compl. at 2-3.) Plaintiff alleges the following. On November 24, 2009, Access Securepak delivered a quarterly care package to plaintiff. (Id. at 8.) When defendant Carter inventoried the contents of the package, she acknowledged that seven bags of coffee were missing. (Id.) Nevertheless, defendant Carter assured plaintiff that he would be reimbursed for the missing items. (Id.)

Plaintiff was never compensated for the missing bags of coffee. (Id.) In response, plaintiff filed an inmate grievance with defendant Carter. (Id.) However, defendant Carter nor any other prison official responded. (Id.) According to the appeals coordinator, plaintiff's grievance had been screen-out because the action plaintiff sought to appeal was not within the

3

jurisdiction of the prison. (Id. at 9.)

Based on these allegations, plaintiff claims that defendants violated his rights under the Due Process Clause of the Fourteenth Amendment. (Id. at 9-10.) In terms of relief, he seeks a trial and, presumably, monetary damages. (See id. at 10.)

**ANALYSIS**

To state a cognizable claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution and the laws of the United States; and (2) that the deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 28 (1988); Ketchum v. County of Alameda, 811 F.2d 1243, 1245 (9th Cir. 1987). Here, defendant Access Securepak is not an entity acting under color of state law. Defendant Access Securepak is apparently a private vendor that ships care packages to prisoners. Thus, plaintiff's allegations against this defendant fail to state a cognizable claim under § 1983 and must be dismissed. See, e.g., Miller v. Access SecurePak, No. CIV S-07-1538-FCD-CMK-P, 2007 WL 4239545 (E.D. Cal. Dec. 3, 2007) (recommending that plaintiff's § 1983 claim against Access Securepak be dismissed for failure to state a cognizable claim).

Plaintiff's allegations against defendant McDonald also fail to state a cognizable § 1983 claim. In his complaint, plaintiff contends that defendant McDonald is liable for his lost packages because defendant McDonald approved Access Securepak as a vendor and is therefore responsible for the vendor's actions on prison grounds. (See Compl. at 10.) Vicarious liability, however, does not exist under § 1983. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1948 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To hold a person "liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones, 297 F.3d at 934. See also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Here, plaintiff has failed to allege any facts demonstrating that defendant McDonald was directly or personally involved in depriving plaintiff of the seven bags of coffee missing from his package.

4

Moreover, even if plaintiff had alleged facts in his complaint showing that defendants McDonald or Carter intentionally deprived plaintiff of the contents of his package, such allegations would still fail to state a cognizable claim. The United States Supreme Court has held that an "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the . . . Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the [alleged] loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). See also Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). Here, plaintiff may receive compensation for any intentionally lost packages by filing a tort claim under California Government Code, §§ 900, et seq. Accordingly, because the California Legislature has provided him with a meaningful post-deprivation remedy, plaintiff's allegations regarding lost property fail to state a cognizable due process claim.

Lastly, to the extent that plaintiff alleges that defendant Carter or any other prison official failed to respond to his inmate appeals regarding his missing property, he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies or screens-out an inmate's appeal, the official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeal failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Accordingly, plaintiff's allegations that prison officials failed to respond to his inmate appeals regarding his missing property also fail to

state a cognizable § 1983 claim.

In sum, the undersigned finds that plaintiff's allegations against defendants Carter, McDonald, and Access Securepak fail to state a cognizable § 1983 claim. The undersigned also finds that the deficiencies in plaintiff's complaint cannot be cured through amendment and that granting leave to amend would therefore be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

**OTHER MATTERS**

Also pending before the court is plaintiff's September 3, 2010 motion for default judgment. Therein, plaintiff argues that he is entitled to default judgment because the defendants have not filed an answer in this action. Plaintiff, however, is mistaken. Defendants have yet to file an answer because the court has not authorized service of the complaint and has not ordered any defendants to file a response. See 28 U.S.C. §§ 1915 & 1915A. The undersigned will therefore recommend that plaintiff's motion for default judgment be denied.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 6) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action; the fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Also, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 3, 2010 motion for default judgment (Doc. No. 8) be denied; and

2. This action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
corr0531.56+default